891 F.2d 294
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leland S. DAVIS, Plaintiff-Appellant,
v.
CITY OF VANCOUVER, Paul Grattet, Washington Association of
Sheriffs and Police Chiefs, City of Vancouver Civil Service
Commission, Don Tokunaga, Special Agent in Charge of FBI,
Washington Office, S.R. Johnson, Sheriff, Donald Pierce,
Chief, et al., Defendants-Appellees.
 Nos. 88-3835, 88-3943, 88-4028 and 88-4415.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1989.
Decided Dec. 5, 1989.
 
 Before NELSON, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Leland Davis, Chief of the Vancouver, Washington Police Department, appeals the entry of summary judgment on his claim under 42 U.S.C. § 1983 against the Washington Association of Sheriffs and Police Chiefs (WASPC). His membership was terminated on account of a complaint about sexual harassment arising out of a cocktail lounge conversation with a female colleague. Davis asserts that the district court erred in finding no violation of his rights to liberty and privacy. We affirm.
 
 
 3
 First, Davis contends that WASPC's publicizing its investigation deprived him of a liberty interest in his reputation without meeting the due process requirements of the Fourteenth Amendment. Reputation alone is not a sufficient interest to invoke the protection of the due process clause. More tangible interests, such as employment or statutory entitlement, must also be present. Paul v. Davis, 424 U.S. 693, 701 (1976). Even though WASPC is an association created by statute, the statute provides no guarantee of continued membership. Davis derives no salary or monetizable benefit as a member of WASPC. Further, his employment does not depend on membership in WASPC. In any event, Davis was provided notice and an opportunity to be heard before the expulsion occurred. Accordingly, the district court correctly determined that appellant suffered no deprivation of liberty cognizable under § 1983 and the Fourteenth Amendment. See Goldberg v. Kelley, 397 U.S. 254 (1970); Board of Regents v. Roth, 408 U.S. 564 (1972).
 
 
 4
 Second, Davis claims that WASPC's use of information derived from private conversations deprived him of the right to choose for himself how to conduct his intimate relationships, thus implicating his right to privacy. The Supreme Court has carefully extended right to privacy protection only to basic matters, such as contraception, abortion, marriage, and family life. See e.g. Roe v. Wade, 410 U.S. 113 (1973). It is therefore clear that unconsented sexual propositions are not accorded constitutional protection. Consequently, WASPC's inquiry into Davis's private conversations did not violate his constitutional right to privacy.
 
 
 5
 Finally, defendants seek attorneys' fees pursuant to 42 U.S.C. § 1988. The record reflects no district court order either granting or denying attorneys' fees. Absent a determination that the action was "unreasonable, frivolous, meritless or vexatious," see Roberts v. Spalding, 783 F.2d 867, 874 (9th Cir.), cert. denied, 479 U.S. 930 (1986), we are reluctant to make our own finding on this issue.
 
 
 6
 Insofar as the defendants' request for attorneys' fees can be interpreted as a request for defending against this appeal, which they argue is frivolous, the request is denied. See Fed.R.App.P. 38.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3